UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN ROPOTOS,

    Plaintiff,

                                                   Case No. 12-cv-12891
                                                   Honorable Gershwin A. Drain

v.

CAVALIER TELEPHONE, LLC, *et al.*,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [#19] AND SETTING HEARING**

    Presently before the Court is Plaintiff's Motion to Compel Answers to Interrogatories and Document Requests, filed on December 21, 2012. Plaintiff served Defendants with Plaintiff's First Request for Production of Documents and First Interrogatories on August 24, 2012. Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff's Answers were due on or before September 23, 2012. Plaintiff has given counsel for Defendants several extensions of time, however the most recent extension has expired and Defendants have failed to file any answers to Plaintiff's outstanding discovery requests. Defendants have likewise failed to respond to Plaintiff's present motion, which was due on or before January 7, 2013. Accordingly, Defendants are hereby ordered to respond in full to Plaintiff's outstanding discovery requests within seven days, or no later than January 30, 2013.

-1-

Federal Rule of Civil Procedure 37(a)(5)(A) states:

**(5) Payment of Expenses; Protective Orders.**

(A) *If the Motion Is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted– or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court will hold oral argument on Plaintiff's request for reasonable attorney fees incurred as a result of having to bring the present motion.

IT IS ORDERED that Plaintiff's Motion to Compel Answers to Interrogatories and Document Requests [#19] is GRANTED.

IT IS FURTHER ORDERED that Defendants serve Answers to Plaintiff's First Request for Production of Documents and First Interrogatories within seven (7) days from the date of this Order, or no later than January 30, 2013.

IT IS FURTHER ORDERED that the parties appear for oral argument on Wednesday, February 20, 2013, at 3:30 p.m., regarding whether Plaintiff is entitled to reasonable attorney fees for having to file the present motion. The parties shall submit briefs in support of their respective positions no later than February 13, 2013.

Defendants are hereby advised that failure to abide by this Order, or any portion thereof, shall result in sanctions, up to and including a default against Defendants under Federal Rule of

Civil Procedure 37(b)(2)(A)(vi).

    SO ORDERED.


Dated: January 23, 2013            /s/Gershwin A Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge